**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAYMOND A. GEORGE,<br>*Plaintiff*,<br>v.<br>WOODSTOCK FARM,<br>*Defendant*. | Civil Action No. 26-3380<br>**OPINION AND ORDER**<br>August 11, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before this Court upon *pro se* Plaintiff Raymond A. George's ("Plaintiff") filing of a Complaint, (ECF 1, "Complaint" or "Compl."), and an application to proceed *in forma pauperis*, (ECF 1-2, "IFP App." or "IFP"), and this Court having screened Plaintiff's submissions for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure 8(a) and 12(b)(6); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the application (ECF 1-2) is **GRANTED**; and

**WHEREAS** Plaintiff alleges he was terminated shortly after filing a grievance against an individual named "Mr. Dave" at his place of employment. (Compl. at 3). Plaintiff alleged he was publicly reprimanded by Mr. Dave on February 4, 2026, for using his "grace period," filed a grievance against Mr. Dave on February 9, 2026, and was terminated from his employment on February 13, 2026. (*Id.*) As a result, Plaintiff alleges he entered a state of depression for five weeks, was unable to eat or sleep, and was unable to care for his children. (*Id.* at 4); and

**WHEREAS**, while not described in the Complaint, the Civil Cover Sheet indicates that Plaintiff brings this action both under the Fair Labor Standards Act (FLSA) and as a personal injury case, (ECF 1-1);

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** Plaintiff fails to state a claim under the FLSA. The FLSA requires employers "to pay their employees at least a specified minimum hourly wage for work performed ... and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) (citing 29 U.S.C. §§ 206, 207). Plaintiff does not allege that Defendant failed to either pay him the federal minimum wage or to pay him overtime compensation for hours worked in excess of forty (40) hours per week. The Court thus **DISMISSES** Plaintiff's FLSA claim without prejudice; and

**WHEREAS** when a district court has dismissed all claims over which it previously had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court chooses to exercise supplemental jurisdiction is within its discretion. *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). "Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims." *Abdul-Aziz v. City of Elizabeth N.J. Police Dep't*, No. 14-7675, 2016 WL 2605987, at *5 (D.N.J. May 5, 2016). Accordingly, to the extent that Plaintiff intended to assert a state law personal injury claim, this claim is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3);

**WHEREAS** accordingly, **IT IS** on this 11th day of August, 2026,

**ORDERED** that the application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff may have this case reopened within thirty (30) days of the date of this Order by filing an amended complaint. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter, subject to reopening if Plaintiff files an amended complaint; and it is finally

**ORDERED** that the Clerk of Court is directed to mail a copy of this Order to Plaintiff by certified mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
Cc: Andre M. Espinosa, U.S.M.J.
Parties